right to effective assistance of counsel (see, Family Ct Act §§ 261, 262 [a] [iv]; see also, Matter of Karl L., 224 AD2d 841; Matter of De Vivo v Burrell, 101 AD2d 607), and the denial of such right may be raised at any time (see, People v Jackson, 218 AD2d 556, 558, lv denied 87 NY2d 847). Further, because the potential consequences are so drastic, the Family Court Act "affords protections equivalent to the constitutional standard of effective assistance of counsel afforded defendants in criminal proceedings" (Matter of Erin G., 139 AD2d 737, 739; see, Matter of Ashley M., 235 AD2d 858). Thus, petitioner must demonstrate that she was deprived of meaningful representation and that she suffered actual prejudice as the result of the claimed deficiencies (see, Matter of Matthew C., 227 AD2d 679; see generally, People v Baldi, 54 NY2d 137, 147).

Petitioner appeared at every scheduled court date prior to the scheduled trial date. Counsel sent another attorney in her place on one court date but failed to appear on another court date and was not present on the day scheduled for trial. At no time did counsel even meet with petitioner. On the scheduled trial date, the court proceeded in the absence of both petitioner and counsel, granted the petition and terminated petitioner's parental rights. It appears from the record that the default of petitioner was caused by her misunderstanding regarding the necessity of appearing on the date set for trial, and the record supports the conclusion that her assigned counsel did nothing to clear up that misunderstanding and, indeed, may have contributed to it. Thereafter, counsel did not fulfill her promise to bring a motion to vacate the default. Thus, it cannot be said that petitioner was not prejudiced by the lack of effective representation. (Appeal from Order of Erie County Family Court, Szczur, J.—Vacate Orders.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.

■ WESTERN NEW YORK PUBLIC BROADCASTING ASSOCIATION et al., Respondents, v VESTRON, INC., et al., Appellants. (Appeal No. 1.) [661 NYS2d 555] —Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Mahoney, J. (Appeal from Order of Supreme Court, Erie County, Mahoney, J.—Class Action.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.

■ WESTERN NEW YORK PUBLIC BROADCASTING ASSOCIATION et al., Respondents, v VESTRON, INC., et al., Appellants. (Appeal No. 2.) [661 NYS2d 556] —Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Mahoney, J. (Appeal from Order of Supreme Court, Erie County,

Mahoney, J.—Class Action.) Present—Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.

In the Matter of FRANK A. CISSI, a Suspended Attorney, Resignor. [668 NYS2d 955] —Resignation accepted, name stricken from roll of attorneys and order of restitution entered. Present—Denman, P. J., Green, Pine, Fallon and Callahan, JJ.

In the Matter of PETER J. PECORARO, for Reinstatement. [668 NYS2d 953] —Order entered terminating suspension and reinstating petitioner as an attorney and counselor-at-law. Present—Denman, P. J., Pine, Lawton, Balio, Boehm, JJ.

PEOPLE v ANDRE A. MILLER, Defendant. [668 NYS2d 956] —Motion to extend time to take appeal granted. Memorandum: Pursuant to CPL 460.10, a notice of appeal must be filed with the "clerk of the criminal court in which such sentence was imposed" (CPL 460.10 [1] [a]). Present—Green, J. P., Pine, Callahan, Doerr and Fallon, JJ.

PEOPLE v QUINNANTHONY TISDALE, Defendant. [668 NYS2d 954] —Motion for disclosure of presentence report denied. Memorandum: The motion of defendant for disclosure of his presentence report should be made to the sentencing court (*see, Matter of Legal Aid Bur. v Armer*, 74 AD2d 737). Present—Green, J. P., Lawton, Callahan, Doerr and Fallon, JJ.

PEOPLE, Respondent, v JEFFREY CULBREATH, Appellant. [668 NYS2d 954] —Motion to enlarge record denied. Memorandum: Any issues regarding the content of the record must be settled by the trial court (*see*, 22 NYCRR 1000.4 [a] [1] [ii]). Present—Pine, J. P., Lawton, Callahan, Balio and Boehm, JJ.

PEOPLE, Respondent, v MAURICE A. FIELDER, JR., Appellant. [668 NYS2d 956] —Judgment unanimously affirmed. Counsel's application to withdraw granted (*see, People v Crawford*, 71 AD2d 38). (Appeal from Judgment of Wayne County Court, Kehoe J.—Criminal Sale Controlled Substance, 3d Degree.) Present—Denman, P. J., Green, Lawton, Callahan and Fallon, JJ.

In the Matter of CHRISTOPHER M. FERRARA, Appellant. [668 NYS2d 954] —Motion for permission to proceed as poor person and assignment of counsel denied. Memorandum: The determination of County Court is not appealable (*see, People v Freeman*, 236 AD2d 897). Present—Green, J. P., Lawton, Doerr, Boehm and Fallon, JJ.

In the Matter of CHRISTOPHER M. FERRARA, Petitioner. [668 NYS2d 954] —Motion for permission to proceed as poor person